NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1552
_____

UNITED STATES OF AMERICA

v.

DEON JERMAINE JENKINS,

Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00304-001)
District Judge: Honorable Joy Flowers Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2011

Before: AMBRO and FISHER, Circuit Judges
and SÁNCHEZ,[*] District Judge

(Opinion filed January 11, 2011)

_____

OPINION

_____

AMBRO, Circuit Judge

_____

[*] Honorable Juan R. Sánchez, District Court Judge, Eastern District of Pennsylvania, sitting by designation.

Appellant Deon Jermaine Jenkins appeals from a judgment of sentence entered by the District Court following a jury trial. He argues that the District Court failed to issue a curative instruction following the prosecutor's improper statement and abused its discretion in denying his motion for a new trial. For the reasons that follow, we find no error or abuse of discretion, and affirm the District Court's judgment.

I.

Jenkins was indicted in August 2006 for possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In September 2008, a jury found him guilty. He was sentenced to 72 months' imprisonment.

The evidence at trial generally established that Jenkins and another man, Lamar Rice, were driving through Pittsburgh at about 2:15 a.m. on January 18, 2006. Two police officers, Detectives Scott Lukitsch and Robert Kavals, stopped the car for traffic violations. The car sped away as the officers approached, and a chase ensued. After the car stopped again, Lamar and Jenkins got out, ran and jumped over a fence. Detective Lukitsch testified at trial that, as he saw Jenkins going over the fence, he "observed a black firearm also falling over the fence to the right of him." However, a defense witness (a private investigator), Ron Getner, stated on cross-examination that Jenkins had told him the week before that he went through a gate built into the fence. During his closing argument, the prosecutor stated:

> An innocent person would not tell his own investigator a total false story
> about what happened. Just last week Mr. Jenkins blatantly misled his own
> investigator, Mr. Getner, by telling him he went through the gate in the
> fence, and not over the fence. Even Mr. Begler, Mr. Jenkins' own attorney,
> does not believe Mr. Jenkins on that point.

2

App. II at 147.  Defense counsel objected.  The District Court sustained the objection and told the jury "to entirely disregard" that statement.  It did not give a curative instruction (and none was requested).  At a later point in the prosecution's closing, the defense objected to another statement and moved for a mistrial.  The Court responded that the prosecutor's earlier comment, noted above, "was out of line," but it ultimately denied the motion.  Jenkins filed this timely appeal.[1]

II.

Jenkins argues that the District Court should have issued an additional curative instruction and granted a mistrial.  We disagree.

With respect to a curative instruction, because Jenkins neither requested one nor objected to its not being given, we review for plain error.  *United States v. Lee*, 612 F.3d 170, 191 (3d Cir. 2010).  As noted, the District Court told the jury to ignore the prosecutor's statement.  We nonetheless fail to see how the Court's admonition was anything short of "curative."  Thus, Jenkins has not shown any error, least of all a plain one.

We review the District Court's denial of Jenkins's motion for a mistrial for abuse of discretion and exercise plenary review over the underlying issue of whether Jenkins was deprived of due process.  *United States v. Liburd*, 607 F.3d 339, 342 (3d Cir. 2010).  In a somewhat contradictory fashion, Jenkins argues that a curative instruction would

---

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

have been futile—unable to "erase" the statement from the jurors' minds—and therefore only a new trial could remedy this alleged error. We are not persuaded by this argument.

We agree, and the Government concedes, that the statement at issue was improper. Nonetheless, we do not believe that a new trial is warranted, as we are not convinced that Jenkins's trial was procedurally unfair as a result. As we have elsewhere noted, "[n]ot all prosecutorial misconduct violates th[e right to due process of law]." *Id.* at 344. Indeed, "'[i]t is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). Rather, "[w]e must determine whether the misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process in light of the entire proceeding.'" *Id.* (quoting *United States v. Morena*, 547 F.3d. 191, 194 (3d Cir. 2008) (internal quotation marks omitted)). To determine whether the misconduct rises to this level, "we examine the curative instructions, if any, given by the trial court; the weight of the properly admitted evidence against the defendant; and the prosecutor's improper actions." *Id.*

Applying these factors to our case, we note again the District Court's directive to disregard the improper statement. We also note the Court's instructions throughout, including that the statements and remarks of the attorneys are not evidence and that the jury must ultimately weigh the witnesses' credibility. We "do generally presume that juries follow their instructions." *Id.* Moreover, there was ample evidence of Jenkins's guilt. Detective Lukitsch testified that he saw Jenkins "fall" over the fence and a pistol fall from his waist area. He also testified that Rice (the other possible possessor of the

4

gun) was not in the same area when Jenkins climbed the fence. Detective Kavals testified that he found a pistol in the same spot where Lukitsch saw Jenkins climb over the fence.[2] Finally, we are persuaded that the prosecutor's improper statement during closing neither "shaped the development of the record evidence" nor the "trial strategy pursued by either party." *Id.* at 345 (citing *Gov't of the V.I. v. Joseph*, 770 F.2d 343 (3d Cir. 1985)).[3] At base, the prosecutor's statement was designed to highlight the inconsistencies in Jenkins's story, which began with a theory based on his passing through the fence's gate and ended with his hopping over the fence. We do not condone the phrasing of the statement, even if there was some basis in the record for the comment. In any event, as we do not believe that the prosecutor's misconduct deprived Jenkins of a procedurally fair trial, we affirm.

---

[2] We have considered, but disregard as insufficiently weighty, Jenkins's arguments that the area was not well lit that night, that the officers were hastily disembarking from the car while observing Jenkins, and the fact that the DNA evidence neither confirmed nor excluded Jenkins as the contributor of the DNA collected from the gun.

[3] Jenkins also references another improper statement during closing arguments, in which the prosecutor told the jury that "[i]t's important to keep in mind that even though the detectives absolutely should not be believed solely because they are police officers, you can absolutely take that fact into account in evaluating their testimony." App. II at 153. The District Court struck that statement. Though Jenkins mentions it in his brief, he does not appear to advance any challenge in connection with it, and thus we do not consider it either.